IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

IN THE MATTER OF THE ESTATE )
               OF            )
  THEODORE W. BOSTIC,    )  Misc. No. 2009-34
                            )  Probate No. 12/1972
      DECEASED,      )
_____)

APPEARANCES:

**Mark L Milligan, Esq.**
Christiansted, St. Croix, VI
    *For the Estate of Raphael T. Bostic,*

### ORDER

**GÓMEZ, J.**

Before the Court are the motions of the Estate of Raphael T. Bostic for entry of an amended final adjudication in this matter.

On October 11, 1972, this Court entered a Final Adjudication and Decree of Distribution (the "October 11, 1972, Judgment") settling the estate of Theodore W. Bostic. *See* Final Adjudication and Decree of Distribution, October 11, 1972, ECF No. 9-1. In the October 11, 1972, Judgment, Raphael Bostic was identified as the son of the deceased, Theodore W. Bostic. The

October 11, 1972, Judgment, granted Raphael Bostic a fractional interest in certain real property including 53 East Street, Christiansted, St. Croix, VI. *Id.* at 2.

On November 2, 1988, upon the motion of the Estate of Theodore W. Bostic, this Court entered an order amending the October 11, 1972, Judgment. *See* Order, November 2, 1988, ECF No. 2-2. The November 2, 1988, Order corrected a clerical mistake in the October 11, 1972, Judgment. Specifically, the November 2, 1988, Order amended the description of the property described as 53 East Street to 53CA East Street.

On September 16, 2009, Raphael Bostic moved for entry of an amended final adjudication by reason of mistake, oversight, or omission pursuant to Fed. R. Civ. P. 60(a). *See* Motion to Amend Final Adjudication, ECF No. 2. Bostic asserts that "[u]pon information received from the Recorder of Deeds, the [November 2, 1988, Order], *standing alone*, is materially insufficient for recording purposes." *Id*. (emphasis added). Additionally, Raphael Bostic asserts that "a recent title examination disclosed that title to Plot 53 CA presently remains in [sic] name of the Decedent Theodore W. Bostic." *Id*.

Federal Rule of Civil Procedure 60 in pertinent part provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

Fed. R. Civ. P. 60(a). The November 2, 1988, Order does not stand alone. Indeed, it effectively amends the October 11, 1972, Judgment. Thus, the October 11, 1972, Judgment, amended by the November 2, 1988, Order, grants Raphael Bostic a fractional interest in 53CA East Street, not 53 East Street. Significantly, Raphael Bostic does not assert that the October 11, 1972, Judgment, amended by the November 2, 1988, Order, contains a clerical mistake or a mistake arising from oversight or omission for which this Court could grant relief under Rule 60(a).

Title 28, Section 130 of the Virgin Islands Code in pertinent part provides that "judgments of courts in the Virgin Islands requiring the execution of a conveyance of real estate within the Virgin Islands, shall be entitled to be recorded in the office of the recorder in like manner and with like effect as conveyances of land duly acknowledged, proved, or certified." 28 V.I.C. § 130. The Court is aware of no provision that precludes the reading of the October 11, 1972, Judgment in conjunction with the November 2, 1988, Order for recording purposes.

Significantly, Raphael Bostic does not assert that the October 11, 1972, Judgment and the November 2, 1988, Order, when considered in conjunction, are insufficient for recording purposes.

The premises considered, it is hereby

**ORDERED** that the motions of the Estate of Raphael T. Bostic for entry of an amended final adjudication (ECF Nos. 2, 5, 7) are **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**